THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RIVERA RODRÍGUEZ, Defendant and Appellant.

No. 10426.    Argued May 9, 1944.—Decided May 17, 1944.

*Juan Lastra* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The defendant was convicted of grand larceny and sentenced on December 4, 1942, to four years' imprisonment in the penitentiary at hard labor. The offense consisted in hav-

ing stolen with criminal intent a pocket-book, from Dominga Correa containing $2,080 in bills belonging to said lady, the defendant, then and there, intending to appropriate for himself said pocket-book and money, as he finally did. The trial was held on November 2, 1942. The defendant now alleges for the first time on appeal that the judge who sat in the case acted without jurisdiction because at the time that the trial was held, said judge, who is one of the regular judges of the lower court, was on leave and was replaced by a special judge appointed for that purpose. In support of his contention the appellant attached to his brief two certificates: one issued by the Acting Attorney or showing that Hon. Jorge Luis Córdova Díaz, who was the judge that sat at the trial and sentenced the defendant, was on leave during the year 1942 from September 25 until November 4, and from November 6 until December 1st; and the other from the Clerk of the District Court of San Juan, Civil Section, showing that "Attorney Edelmiro Martínez Rivera assumed the duties of his office as substitute judge for Hon. Jorge Luis Córdova Díaz, on September 25, 1942, acting as such until December 1, 1942."

This is not the proper proceeding in which to submit such a question to the consideration of an appellate court, but since there seems to be involved a challenge to the jurisdiction of the judge who sat in the case in the court of first instance, we shall consider it because of its privileged character.

The special judge was not appointed to substitute for Judge Córdova exclusively in this case. His commission was to take cognizance of any action that might be brought during the absence of Judge Córdova. This being so, upon Judge Córdova making his appearance and assuming jurisdiction over this case, his action had the effect of vacating the office of special judge except as to those cases the trial of

646

which had already begun before the special judge, of which the regular judge may not take cognizance. *State* v. *Stevenson*, 19 L.R.A. (N. S.) 713, 715; 30 Am. Jur., Judges, §107.

▮ The appellant charges that the witness Gloria M. de Andino, granddaughter of the injured woman, was allowed to testify that on the night prior to the day of the occurrence she saw the defendant standing in front of the house of the injured woman and that he asked the witness if her grandmother was at home or if she had gone out alone and that the witness answered him that she had gone out alone. This incident between the defendant and the witness is pertinent, inasmuch as it tends to connect the accused with the offense, since it shows that the defendant was lying in ambush from the day prior to that of the occurrence.

▮ Lastly, the appellant urges that the lower court erred in admitting in evidence the testimony of the detective, Juan E. Miranda, to the effect that the defendant had told him that if the district attorney imposed on him the punishment of one year in the penitentiary he would plead guilty immediately; that in the presence of the witness the detective informed the district attorney what the defendant had told him and that the district attorney answered "that he was not the one who imposed sentences and that he could not admit that."

The testimony of the detective was admissible, tending as it did to establish an admission on the part of the defendant, which incriminates him, since an innocent person is not willing to plead guilty of an offense such as defendant is charged with, nor is he willing to serve sentence for one year in the penitentiary for no reason at all. Underhill's Criminal Evidence, 4th edition, §262. Cf. *People* v. *Dones*, 56 P.R.R. 201.

The judgment appealed from must be affirmed.